**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

CIVIL ACTION NO. 10-4-DLB

DOUGLAS C. BRANDON                                                                PETITIONER


VS:                         **MEMORANDUM OPINION AND ORDER**


E.K. CAULEY, Warden                                                              RESPONDENT

** ** ** **

Douglas C. Brandon, the *pro se* Petitioner in this case, is currently in the custody of the Federal Bureau of Prisons (BOP) and incarcerated in the Federal Prison Camp in Ashland, Kentucky.  He has filed a form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and has now paid the filing fee.

The Petition is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 51 F. App'x 517 (6th Cir. 2002).  During screening, the allegations in the Petition are taken as true and liberally construed in the *pro se* Petitioner's favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, the Court may dismiss the Petition at any time, if it determines that the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  For the reasons set forth below, the Petition in this case will be denied, and this cause dismissed.

## I.   CLAIMS

Brandon claims that he his now incarcerated in conditions which could prove fatal to his health, and so he should be moved to home confinement pursuant to 18 U.S.C. Section 3624(c)(2); however, the BOP has refused his request for such a move.

1

## II.    FACTUAL ALLEGATIONS

The following is a summary or construction of Brandon's allegations in his original Petition, its attachments, and a later-filed "Amended and Supplemental Habeas Corpus Petition." (Docs. #2, 8). On June 26, 2003, a jury convicted Petitioner of securities fraud, wire fraud, and conspiracy in the United States District Court for the Southern District of New York, Manhattan Division. *United States v. Brandon*, No. 02-CR-0122-03. He was sentenced to 97 months incarceration, which he is now serving. The conviction was affirmed on appeal, and he has now challenged the conviction via a Motion to Vacate, Alter and Amend the Judgment, pursuant to 28 U.S.C. Section 2255, in the trial court. He attaches a copy of the Motion to his Petition. (Doc. #2, Ex. 1). The government has filed a response to the Motion, Petitioner has submitted a reply, and the matter is now ripe for review. (Doc #9).

Petitioner alleges that he has a number of health issues and he attaches medical documents supporting this claim. (Doc. #2, Ex. 2). He complains that, despite the seriousness of his conditions, he is being "confined in close quarters with 75 inmates, none of whom have been immunized with H1N1 vaccine." (Doc. #2). Citing numerous articles about the H1N1 virus, its pervasiveness and its dangers, Petitioner claims that his exposure to the virus presents "serious risks to my health and life." (Doc. #2, Ex. 3). For this reason, he seeks a transfer to home confinement.

Petitioner attaches a copy of two requests for home confinement which he made to BOP staff at the prison. (Doc. #2, Ex. 4). In response, Petitioner was informed that there was no authority for the BOP to transfer him to home confinement. Rather, he would need a court order. In light of the BOP's contention that it lacks the authority to transfer Petitioner to home confinement, Petitioner claims that appeals of the issue to higher BOP officials would be futile. Therefore, he has come to

this Court asking for an order to the BOP to convert his current custody to home confinement.

### III.    DISCUSSION

Although efforts to further appeal Petitioner's request for home confinement through the

BOP administrative remedy system would be futile, the petition must be denied on the merits

because there is no authority to compel the BOP to convert his custody to home confinement as

requested.

In support of his request, Petitioner cites 18 U.S.C. § 3624 which provides in pertinent part:

**(c) Prerelease custody.**–

**(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

**(3) Assistance.**--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.

**(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C.. § 3624(b)(1)-(4).  The plain meaning of this statute is that during the "final months" of

a prisoner's imprisonment, the BOP "shall" (*i.e.*, must) place the prisoner in conditions which will

prepare him or her for "reentry" to the community.  § 3624(b)(1).

The next subsection of the statute leaves selection of the place where that pre-release reentry preparation will take place to the discretion of the BOP.  The BOP "*may . . .* place a prisoner in home confinement."  § 3624(b)(2) (emphasis added).  "May" is permissive language.  Home confinement is not mandated.  In fact, when it is chosen by the BOP for reentry purposes, the amount of time which the prisoner may spend in home confinement is limited.  Congress has permitted such a placement at the end of his confinement only for 6 months or 10% of the prisoner's total term of imprisonment, whichever is *shorter*.  *Id.*

The scope of the BOP's discretion is further illustrated by the final subsection of Section 3624(b), *i.e.*, the provision that "[n]othing in this subsection may be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." *Id.* at (c)(4). The referenced statute, 18 U.S.C. § 3621, grants authority to the BOP to designate the place of the prisoner's imprisonment at any time and at any place which the Bureau determines to be appropriate and suitable considering a broad range of criteria including, for example, the history and characteristics of the prisoner. 18 U.S.C. § 3621(b).

It is well settled that inmates have no constitutional right to serve their sentences at any particular institution.  *See Meachum v. Fano*, 427 U.S. 215 (1976).  Moreover, the Supreme Court has repeatedly held that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. *Id.*; *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Montanye v. Haymes*, 427 U.S. 236 (1976); *Ward v. Dyke*, 58 F.3d 271 (6th Cir. 1995).

In this case, Petitioner does not allege that he is in the final months of his incarceration. Therefore, 28 U.S.C. § 3624 is not triggered.  Instead, the broad authority of 28 U.S.C. § 3621

4

controls.  A prisoner has no right to an early evaluation under Section 3624(b).  *See Raymer v. Cruz,*

No. 08-CV-6382-MJD/JJG, 2009 WL 2778073, at *1 (D.Minn. August 28, 2009) (unpublished).

Therefore, to the extent Petitioner seeks an order directing the BOP to release him to home

confinement any earlier than 180-days prior to his release date, Petitioner is not entitled to any such

relief.  *See* 28 C.F.R. § 570.21(b).

Finally, to the extent Petitioner alleges mistreatment by prison officials or poor medical care

while in prison, such complaints are properly brought in a civil rights action, not a habeas corpus

petition. *See Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973); *Walker v. Sanders*, No. 09-CV-

1322-GAF, 2009 WL 2448023, 6 (C.D.Cal. August 10, 2009) (unpublished).

### IV.    CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    The Petition for Writ of Habeas Corpus (Doc. #2) is hereby **DENIED** for failure to

state a claim upon which relief may be granted;

(2)    This habeas action is hereby  **DISMISSED with prejudice** and **STRICKEN** from

the docket of the Court; and

(3)    Judgment in favor of Respondent will be entered contemporaneously herewith.

This 2nd day of March, 2010.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\AshCivil\2010\10-04-MOO.wpd